CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 16 2014

JULIA C. , CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **LLOYD WAYNE SHEPPARD,** | ) | CASE NO. 7:14CV00547 |
| | ) | |
| Petitioner, | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **DEAN MANNOR,** | ) | |
| **COMMONWEALTH'S ATTORNEY,** | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Respondent. | ) | |

Lloyd Wayne Sheppard, a Virginia inmate proceeding pro se, filed a pleading that he titles: "MOTION FOR ORDER TO SHOW CAUSE Re: VACATION OF JUDGMENT/ORDER." Because this pleading challenges the validity of his state court conviction, the court construed and docketed Sheppard's submission as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. The court finds that the petition must be summarily dismissed as successive, pursuant to 28 U.S.C. § 2244(b).[1]

Sheppard challenges the validity of his confinement under a 2009 judgment of the Montgomery County Circuit Court which convicted him of aggravated malicious wounding of his infant son and sentenced him to 30 years imprisonment with 15 years suspended. Sheppard asserts that he has newly discovered evidence in the form of declarations by three medical doctors and testimony from a scientist,[2] evidence he claims will show that his actions did not cause the injuries to his infant son.

---

[1] Under Rule 4(b) of the Rules Governing § 2254 Cases, the court may summarily dismiss a § 2254 petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

[2] Sheppard does not include affidavits from any of the medical professionals on whose opinions he claims actual innocence. Because his petition must be dismissed as successive, however, the absence of these materials from the record is not material to the court's ruling.

Pursuant to § 2244(b), a federal district court may consider a second or successive § 2254 petition only if petitioner secures specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the petition meet certain criteria. § 2244(b)(3). Court records indicate that Sheppard previously filed a § 2254 petition concerning the same judgment, Civil Action No. 7:11CV00540, which the court denied with prejudice. Sheppard's appeal was unsuccessful. Sheppard's current petition is a subsequent one, falling under the prohibition in 28 U.S.C. § 2244(b) against a second or successive petition. Because Sheppard does not demonstrate that he has obtained such certification by the Court of Appeals, the court will dismiss the petition without prejudice as successive. An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 16th day of October, 2014.

/s/ Glen Conrad
Chief United States District Judge